(174 App. Div. 851)

### LAMPSON v. LAMPSON.

(Supreme Court, Appellate Division, First Department.  June 2, 1916.)

DIVORCE ⬅127(2)—SUFFICIENCY OF EVIDENCE—JUDGMENT.

In a wife's action for divorce on the ground of the husband's adultery with a woman whose name was unknown to her, at a specified time and place, in which the husband did not appear, plaintiff's testimony that the act of which she complained was not committed with her consent or procurement, and that she did not cohabit with the defendant after the discovery thereof, which was consistent, and in no way impeached or controverted, should have been accepted.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 404; Dec. Dig. ⬅127(2).]

Appeal from Trial Term, New York County.

Action for divorce by Nina E. Lampson against Russell E. Lampson. From a judgment dismissing her complaint, plaintiff appeals. Reversed, and interlocutory judgment granted.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Alfred H. Townley, of New York City, for appellant.

PER CURIAM. This is an action for divorce. The defendant has not appeared. The issues were tried before the court. The plaintiff

charged defendant with having committed adultery with a woman whose name was unknown to her, at a specified time and place. The trial court refused to find the commission of adultery, and found that, if committed, it was committed with the consent, connivance, procurement, and privity of the plaintiff.

The plaintiff testified that the acts of which she complained were not committed with her consent, connivance, procurement, or privity, and that she did not cohabit with the defendant after the discovery thereof. Her testimony is consistent, is in no manner impeached, and is uncontroverted. It should therefore have been accepted. We have examined the other evidence, and are of opinion that the court should have found the commission of adultery as charged.

It follows that the fourth and fifth findings should be reversed, and findings in accordance with these views substituted therefore, and that the conclusions of law should be reversed, and in place thereof conclusions of law authorizing the entry of an interlocutory judgment of divorce in the usual form, together with costs, and that the judgment should be reversed, and an interlocutory judgment granted in accordance with the decision as amended. Settle order on notice.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

